# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| TONY R. STEWART, | ) |
| Plaintiff, | ) |
| v. | ) No. 11-2315-STA-tmp |
| JAMES BECKER, et al., | ) |
| Defendants. | ) |

# ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant Connie Presley's Motion to Dismiss or Motion for Summary Judgment (ECF No. 60) filed on June 25, 2014. To date Plaintiff Tony R. Stewart has failed to respond. Trial in this matter is currently set for October 27, 2014. For the reasons set forth below, Defendant's Motion is **GRANTED**.

## BACKGROUND

On April 22, 2011, Plaintiff filed a pro se complaint alleging deliberate indifference to his serious medical needs in violation of 42 U.S.C. § 1983. According to the pleadings, on June 10, 2010, Plaintiff was confined at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee. Plaintiff named Unit Manager James Becker, Jr.; Correctional Officer Kassie Reynolds; and Counselor Connie Presley as Defendants. Plaintiff alleges that he had medical orders to be housed in a first-floor cell with a bottom bunk. On this occasion Plaintiff was assigned to a cell on the third floor of the facility and a top bunk in his cell, despite his medical orders. Plaintiff

1

immediately informed Unit Manager Becker about his medical restrictions, and Officer Reynolds also told Unit Manager Becker Plaintiff should be moved. Plaintiff alleges that Becker and Reynolds did not reassign Plaintiff to the proper location but that they told another correctional officer named Humphrey to let Counselor Presley make the appropriate move and tier assignment. The pro se complaint alleges that Presley refused to change Plaintiff's housing assignment. Plaintiff subsequently fell from his top bunk during the night and injured his arm.

The Court dismissed Plaintiff's claims against Officer Reynolds in screening (see ECF No. 20) and later dismissed his claims against Unit Manager Becker under Rule 4(m) for failure to serve him within 120 days (ECF No. 41). Only Plaintiff's claims against Counselor Presley remain. Presley has now filed the instant Motion to Dismiss or Motion for Summary Judgment, and Plaintiff has not responded. Because Defendant has included evidentiary materials with her Motion, the Court will treat it as a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.

Defendant Presley filed her Rule 56 Motion on June 25, 2014. Local Rule 56.1(b) gives a non-moving party 28 days in which to respond to a motion for summary judgment and the moving party's statement of undisputed facts, making Plaintiff's response in this case due no later than July 26, 2014. When Plaintiff failed to respond by that deadline, the Court entered an order on August 7, 2014, directing Plaintiff to respond to the Motion and cautioning Plaintiff that if he failed to respond as ordered, the Court would take up the Motion without the benefit of a response from Plaintiff. The Court gave Plaintiff until September 5, 2014, to file his response. Plaintiff failed to respond as ordered. Local Rule 56.1(d) provides that "[f]ailure to respond to the moving party's statement of material facts . . . within the time periods provided in these rules shall indicate that the

asserted facts are not disputed for purposes of summary judgment." Based on Plaintiff's failure to respond, the Court finds that the following facts from Defendant's statement of facts are undisputed for purposes of this Motion.

On June 10, 2010, the date of the incident, Presley was the counselor assigned to Unit 3, A Pod at WTSP. (Def.'s Statement of Undisputed Fact ¶ 1.) Plaintiff was housed in Unit 3, B Pod, a unit with its own counselor. (*Id.* ¶ 2.) At no time on June 10, 2010, did Plaintiff approach Presley about a cell or bed change. (*Id.* ¶ 3.) No one else came to Presley about a cell or bed change for Plaintiff. (*Id.* ¶ 4.) Presley does not know an individual named "C.O. Humphrey" who allegedly worked at WTSP. (*Id.* ¶ 5.) On June 10, 2010, James Becker was the only one who had the authority to make the cell change within the unit team, aside from the shift commander. (*Id.* ¶ 6.) Officer Reynolds never approached Presley about a cell or bed change on June 10, 2010. (*Id.* ¶ 7.)

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56(a) provides that a party is entitled to summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party,[2] and the court "may not make credibility determinations or weigh the evidence."[3] When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his

---

[1] Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Eastham v. Chesapeake Appalachia, L.L.C.*, 754 F.3d 356, 360 (6th Cir. 2014).

[2] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[3] *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014).

pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial."[4] The Sixth Circuit has held that in order "[t]o defeat a motion for summary judgment a plaintiff can no longer rely on the conclusory allegations of its complaint."[5] It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts."[6] These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.[7] When determining if summary judgment is appropriate, the Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-side that one party must prevail as a matter of law."[8] In this Circuit, the nonmoving party must "put up or shut up" as to the critical issues of the claim.[9] Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[10]

## ANALYSIS

Based on the undisputed evidence, the Court holds that no genuine issue of material fact

---

[4] *Celotex*, 477 U.S. at 324.

[5] *Warf v. U.S. Dep't of Veterans Affairs*, 713 F.3d 874, 878 (6th Cir. 2013) (quoting *Daily Press, Inc. v. United Press Intern.*, 412 F.2d 126, 134 (6th Cir. 1969) (internal quotation marks omitted).

[6] *Matsushita*, 475 U.S. at 586.

[7] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[8] *Anderson*, 477 U.S. at 251–52.

[9] *Lord v. Saratoga Capital, Inc.*, 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989)).

[10] *Celotex*, 477 U.S. at 322.

exists in this case and Defendant is entitled to judgment as a matter of law. Plaintiff has alleged that Defendant Presley's failure to change his bunk assignment was a violation of his Eighth Amendment constitutional rights. The Sixth Circuit has analyzed similar claims about bunk assignments as an Eighth Amendment claim of deliberate indifference.[11] The United States Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment."[12] A claim of deliberate indifference under the Eighth Amendment consists of two component inquiries, "one objective and one subjective."[13] "A plaintiff satisfies the objective component by alleging that the prisoner had a medical need that was 'sufficiently serious.'"[14] "A plaintiff satisfies the subjective component by alleging facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk."[15] The requisite intent is more than mere negligence and is more akin to recklessness.[16]

The Court holds that Defendant Presley is entitled to summary judgment on Plaintiff's claims against her because there is no proof Defendant Presley was involved in the decision to deny Plaintiff

---

[11] *Robbins v. Black*, 351 F. App'x 58, 61 (6th Cir. 2009) (treating failure to make a medically appropriate bunk assignment as a claim for deliberate indifference to a serious medical need); *Horton v. Corr. Corp. of Am.*, 187 F.3d 635 (6th Cir. 1999) (unpublished table decision) (same); *Babcock v. Roe*, 173 F.3d 428 (6th Cir 1999) (unpublished table decision) (same).

[12] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

[13] *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014).

[14] *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

[15] *Id.* (citation and internal quotation marks omitted).

[16] *Id.*

5

a bunk transfer. Prison officials sued under section 1983 "can be held liable based only on their own unconstitutional behavior."[17] In other words, "[p]ersonal involvement is necessary to establish section 1983 liability,"[18] and "personal liability must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants."[19] The undisputed proof here shows that Defendant Presley had no personal involvement in Plaintiff's improper bunk assignment or in the failure to follow Plaintiff's medical restrictions and assign Plaintiff to a proper bunk. At summary judgment Defendant Presley has shown that she was not the counselor assigned to Plaintiff's pod. Neither Plaintiff nor any prison official contacted Defendant Presley about his bunk assignment. Defendant Presley has further shown that she is not familiar with a correctional officer named "C.O. Humphrey" and that James Becker and the shift commander were the only prison officials with the authority to make a cell change. Plaintiff has failed to dispute these facts or prove any other material fact to hold Defendant Presley liable. Without some proof that Defendant Presley took some action or failed to take some action concerning Plaintiff's bunk assignment, Plaintiff has failed to prove that Defendant Presley was deliberately indifferent to any serious medical need. Therefore, Defendant Presley's Motion for Summary Judgment is **GRANTED**.

---

[17] *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012).

[18] *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011).

[19] *Heyerman*, 680 F.3d at 647 (citing *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991)).

## CONCLUSION

Defendant Presley is entitled to judgment as a matter of law, and her Motion for Summary Judgment is **GRANTED**. Because Plaintiff's claim against Defendant Presley was the only remaining claim in this action, this matter is dismissed. The Clerk is directed to enter judgment.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: September 24, 2014.